UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| THE KEYSTONE GROUP, LLC, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>TISHMAN CONSTRUCTION )<br>CORPORATION OF D.C., )<br>)<br>Defendant. ) | Case No. 1:07-cv-01501-RBW |

## ANSWER OF TISHMAN
## CONSTRUCTION CORPORATION OF D.C.

COMES NOW, Defendant Tishman Construction Corporation of D.C. ("Tishman"), by counsel, and for its Answer to the Complaint filed by The Keystone Group, LLC ("Keystone"), states as follows:

1. Tishman denies the allegations in paragraph 1 of the Complaint.

### Parties And Jurisdiction

2. Tishman denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2 of the Complaint.

3. Tishman admits the allegations contained in paragraph 3 of the Complaint.

4. Tishman denies the allegations contained in paragraph 4 of the Complaint and begs leave to refer to the statute at the time of the trial of this action for all its terms, conditions and legal implications.

5. Tishman denies the allegations contained in paragraph 5 of the Complaint and begs leave to refer to the statute at the time of the trial of this action for all its terms, conditions and legal implications.

## **FACTS**

6. Tishman denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6 of the Complaint.

7. Tishman denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7 of the Complaint.

8. Tishman denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8 of the Complaint.

9. Tishman denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9 of the Complaint.

10. Tishman admits the allegations contained in paragraph 10 of the Complaint.

11. Tishman denies the allegations contained in paragraph 11 of the Complaint, except admits that it is an affiliate of Tishman Construction Corp. which is a nationally recognized construction firm having its principal office in New York, and Tishman is generally marketing its construction services in the D.C. market.

12. Tishman denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12 of the Complaint.

13. Tishman denies the allegations contained in paragraph 13 of the Complaint.

14. Tishman denies the allegations contained in paragraph 14 of the Complaint.

15. Tishman denies the allegations contained in paragraph 15 of the Complaint.

16. Tishman denies the allegations contained in paragraph 16 of the Complaint, and otherwise refers the proposal attached as Exhibit A to the Complaint for all its terms and conditions.

17. Tishman denies the allegations contained in paragraph 17 of the Complaint, except admits that the pre-construction services were viewed by Tishman as an important opportunity in

pursuing the general contract for the project and that Tishman employees were substantially involved in the preparation of the pre-construction services proposal.

18. Tishman denies the allegations contained in paragraph 18 of the Complaint.

19. Tishman denies the allegations contained in paragraph 19 of the Complaint, except admits that Tishman did work in connection with delivering pre-construction services, and admits that Keystone would not share in the fee for these pre-construction services.

20. Tishman denies the allegations contained in paragraph 20 of the Complaint, except admits that Tishman submitted a proposal to provide general construction services for the upcoming headquarters project.

21. Tishman denies the allegations contained in paragraph 21 of the Complaint.

22. Tishman denies the allegations contained in paragraph 22 of the Complaint, except admits that there were discussions between Tishman and Keystone in 2004 to discuss the American Pharmacists Association ("APhA") project in general and respectfully refers to the actual proposal dated December 9, 2004 submitted by Tishman to APhA summarizing what was discussed between the parties in that Tishman would be the sole named contractor. There was no other agreement between the parties.

23. Tishman denies the allegations contained in paragraph 23 of the Complaint, except admits that no agreement was reached between the parties.

24. Tishman denies the allegations contained in paragraph 24 of the Complaint, except admits that discussions continued between Keystone and Tishman, but that no agreement was reached between the parties.

25. Tishman denies the allegations contained in paragraph 25 of the Complaint.

26. Tishman denies the allegations contained in paragraph 26, 26(a) and 26(b) of the Complaint.

27. Tishman denies the allegations contained in paragraph 27 of the Complaint.

28. Tishman denies the allegations contained in paragraph 28 of the Complaint, and refers to Exhibit C to the Complaint for all its terms and conditions.

29. Tishman denies the allegations contained in paragraph 29 of the Complaint.

30. Tishman denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 30 of the Complaint.

31. Tishman denies the allegations contained in paragraph 31 of the Complaint.

32. Tishman denies the allegations contained in paragraph 32 of the Complaint.

33. Tishman denies the allegations contained in paragraph 33 of the Complaint.

34. Tishman denies the allegations contained in paragraph 34 of the Complaint.

35. Tishman denies the allegations contained in paragraph 35 of the Complaint, except admits that Keystone and Tishman never entered into a "finder's fee" agreement.

36. Tishman denies the allegations contained in paragraph 36 of the Complaint and further objects to the allegations made in paragraph 36 of the Complaint as being inadmissible because said discussions were the subject of settlement talks, except admits that Judy Herman, an attorney for Tishman, spoke to Jeffrey Bolotin, an attorney for Keystone, in which she indicated that it was Tishman's position that there were substantial open issues remaining between the parties and that no agreement was reached.

37. Tishman denies the allegations contained in paragraph 37 of the Complaint, and refers to the April 4, 2006 letter from Jeffrey Bolotin of Keystone for all its terms and conditions.  In addition, the allegations contained in paragraph 37 of the Complaint represent a waiver of any attorney-client privilege as to Tishman with respect to the contents of the April 4, 2006 letter, and further represents an admission against interest against Tishman with respect to the contents of the letter, including, but not limited to, the fact there was no agreement between the parties.

38. Tishman denies the allegations contained in paragraph 38 of the Complaint.

39. Tishman denies the allegations contained in paragraph 39 of the Complaint, except admits there was further settlement discussions held between the parties in which it was discussed that there remained open issues between the parties and that no agreement had been reached between the parties.

40. Tishman denies the allegations contained in paragraph 40 of the Complaint, except admits that in or about December, 2006 Tishman executed a general contractor's agreement with APhA and otherwise refers to the agreement for all its terms and conditions.

## COUNT ONE
### (Breach of Bilateral Contract)

41. Tishman repeats and realleges each and every answer contained in paragraphs 1 through 40 of this Answer with the same force and effect as though fully set forth herein.

42. Tishman denies the allegations contained in paragraph 42 of the Complaint.

43. Tishman denies the allegations contained in paragraph 43 of the Complaint.

44. Tishman denies the allegations contained in paragraph 44 of the Complaint.

45. Tishman denies the allegations contained in paragraph 45 of the Complaint.

## COUNT TWO
### (Breach of Unilateral Contract/Promissory Note)

46. Tishman repeats and realleges each and every answer contained in paragraphs 1 through 45 of this Answer with the same force and effect as though fully set forth herein.

47. Tishman denies the allegations contained in paragraph 47 of the Complaint.

48. Tishman denies the allegations contained in paragraph 48 of the Complaint.

49. Tishman denies the allegations contained in paragraph 49 of the Complaint.

50. Tishman denies the allegations contained in paragraph 50 of the Complaint.

51. Tishman denies the allegations docontained in paragraph 51 of the Complaint.

## COUNT THREE
**(Fraud)**

52. Tishman repeats and realleges each and every answer contained in paragraphs 1 through 51 of this Answer with the same force and effect as though fully set forth herein.

53. Tishman denies the allegations contained in paragraph 53 of the Complaint.

54. Tishman denies the allegations contained in paragraph 54 of the Complaint.

## COUNT FOUR
**(Constructive Trust)**

55. Tishman repeats and realleges each and every answer contained in paragraphs 1 through 54 of this Answer with the same force and effect as though fully set forth herein.

56. Tishman denies the allegations contained in paragraph 56 of the Complaint.

57. Tishman denies the allegations contained in paragraph 57 of the Complaint.

58. Tishman denies the allegations contained in paragraph 58 of the Complaint.

## COUNT FIVE
**(Qunatum Meruit/Unjust Enrichment)**

59. Tishman repeats and realleges each and every answer contained in paragraphs 1 through 58 of this Answer with the same force and effect as though fully set forth herein.

60. Tishman denies the allegations contained in paragraph 60 of the Complaint.

61. Tishman denies the allegations contained in paragraph 61 of the Complaint.

62. Tishman denies the allegations contained in paragraph 62 of the Complaint.

63. Tishman denies the allegations contained in paragraph 63 of the Complaint.

64. Tishman denies the allegations contained in paragraph 64 of the Complaint.

## COUNT SIX
### (Breach of Fiduciary Duty)

65. Tishman repeats and realleges each and every answer contained in paragraphs 1 through 64 of this Answer with the same force and effect as though fully set forth herein.

66. Tishman denies the allegations contained in paragraph 66 of the Complaint.

67. Tishman denies the allegations contained in paragraph 67 of the Complaint.

68. Tishman denies the allegations contained in paragraph 68 of the Complaint.

69. Tishman denies the allegations contained in paragraph 69 of the Complaint.

## COUNT SEVEN
### (Punitive Damages)

70. Tishman repeats and realleges each and every answer contained in paragraphs 1 through 69 of this Answer with the same force and effect as though fully set forth herein.

71. Tishman denies the allegations contained in paragraph 71 of the Complaint.

72. Tishman denies the allegations contained in paragraph 72 of the Complaint.

### FIRST AFFIRMATIVE DEFENSE

73. The Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

74. The Complaint is barred, in whole or in part, by estoppel.

### THIRD AFFIRMATIVE DEFENSE

75. The Complaint is barred, in whole or in part, by waiver.

### FOURTH AFFIRMATIVE DEFENSE

76. The Complaint is barred, in whole or in part, by accord and satisfaction.

### FIFTH AFFIRMATIVE DEFENSE

77. The Complaint is barred, in whole or in part, by release.

### SIXTH AFFIRMATIVE DEFENSE

78. The alleged agreement set forth in the Complaint is in violation of the statute of frauds as the alleged agreement was never made in writing and subscribed by Tishman or its lawful agent.

### SEVENTH AFFIRMATIVE DEFENSE

79. The alleged agreement set forth in the Complaint must fail for lack of consideration.

### EIGHTH AFFIRMATIVE DEFENSE

80. The alleged agreement set forth in the Complaint must fail as there was no meeting of the minds between the parties.

### NINTH AFFIRMATIVE DEFENSE

81. The allegations in the Complaint as to fraud must be dismissed as they are not pled with the required specificity.

### TENTH AFFIRMATIVE DEFENSE

82. The allegations in the Complaint regarding settlement discussions are inadmissible under the Federal Rules of Evidence.

### ELEVENTH AFFIRMATIVE DEFENSE

83. Tishman reserves the right to amend its Answer to include other affirmative defenses that may become known through discovery and trial of this matter.

WHEREFORE, Defendant Tishman Construction Corporation of D.C. respectfully requests that this Court dismiss Plaintiff The Keystone Group, LLC's Complaint, and award Defendant Tishman Construction Corporation of D.C. its costs and attorneys' fees, and grant such other and further relief as this Court may deem necessary and reasonable.

Respectfully submitted,

TISHMAN CONSTRUCTION
CORPORATION OF D.C.

By Counsel

s/s Gerald I. Katz
Gerald I. Katz
DC Bar 237925
Katz & Stone, LLP
8230 Leesburg Pike, Suite 600
Vienna, Virginia 22182
703.761.3000
703.761.6179 (fax)
gkatz@katzandstone.com
*Co-counsel and local counsel for Defendant*
*Tishman Construction Corporation of D.C.*

Thomas S. Finegan
(Motion for Admission *Pro Hac Vice* Pending)
Michael R. Fleishman
(Motion for Admission *Pro Hac Vice* Pending)
Goetz Fitzpatrick LLP
One Penn Plaza, 44th Floor
New York, NY 10119
212.695.8100
212.629.4013 (fax)
tfinegan@goetzfitz.com
mfleishman@goetzfitz.com
*Co-counsel for Defendant*
*Tishman Construction Corporation of D.C.*

J:\20009.003\Pld\001 Answer.doc