# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| THE KEYSTONE GROUP, LLC, )<br>)<br>)<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>)<br>TISHMAN CONSTRUCTION CORPORATION )<br>OF D.C. )<br>)<br>)<br>Defendant. )<br>) | Case No. 1:07-cv-01051 |

**Joint FRCP Rule 26(f) and LCR Rule 16.3(d) Report**

The parties in the above captioned matter, The Keystone Group, LLC ("Keystone") and Tishman Construction Corporation of DC ("Tishman"), by their undersigned counsel, respectfully submit this report pursuant to Rule 26(f), and Local Civil Rule 16.3(d).

Statement of Case

This is an action brought by Keystone, a Bethesda, Maryland-based construction company, against Tishman Construction Corporation of D.C., an affiliate of a large New York based construction firm. Keystone claims they reached an oral agreement with Tishman to pursue jointly a major expansion and renovation project to the headquarters facility of the American Pharmacists Association, and, if awarded the job, to share the

resulting fee/profits 75% to Tishman and 25% to Keystone. Tishman denies that they had any legally binding agreement with Keystone.

Keystone's causes of action include: breach of bilateral contract, breach of unilateral contract/promissory estoppel, fraud, constructive trust, and quantum meruit/unjust enrichment. Tishman contends that some (although not all) of these causes of action may be barred by the DC Statute of Frauds, D.C. Code § 28-3502. Tishman also contends that Keystone's fraud claim has not been pled with sufficient particularity and that certain allegations in the Complaint should be considered settlement discussions that are inadmissible under Rule 408 of the Federal Rules of Evidence.

Agreements Reached Pursuant to Local Civil Rule 16.3(c)

The parties, through counsel, have conferred by telephone conference call. The following reflects the matters discussed and agreed by counsel.

*1.    Whether the case is likely to be disposed of by dispositive motion; and whether, if a dispositive motion has already been filed, the parties should recommend to the court that discovery or other matters should await a decision on the motion.*

At present, the parties do not believe that the case will be able to be disposed of by dispositive motion. However, parties reserve the right to request the Court's consideration of such a motion in the future if the facts and/or evidence revealed in discovery indicate otherwise.

*2.    The date by which any other parties shall be joined or the pleadings amended, and whether some or all the factual and legal issues can be agreed upon or narrowed.*

The parties do not anticipate joining additional parties, subject to confirmation in discovery of the relationship between and among the various Tishman entities.  To the

extent additional parties must be joined, or the pleading amended, this shall occur no later than November 30, 2007. The parties believe it may be possible to stipulate to some of the relevant facts and will seek in good faith to do so.

3.     *Whether the case should be assigned to a magistrate judge- for all purposes, including trial.*

The parties do not believe that the case should be assigned to a magistrate judge for all purposes including trial.

4.     *Whether there is a realistic possibility of settling the case.*

The parties believe that there is a realistic possibility of settling the case, notwithstanding that the parties already made efforts to do so, without success.

5.     *Whether the case could benefit from the Court's alternative dispute resolution (ADR) procedures (or some other form of ADR); what related steps should be taken to facilitate such ADR; and whether counsel have discussed ADR and their response to this provision with their clients.*

If the parties are unable to settle on their own, both parties agree that the case would benefit from ADR procedures through early neutral evaluation. Plaintiff believes, however, that such ADR procedures would not be productive, and should not occur, until the parties have exchanged full 26(a) disclosures, and conducted at least some preliminary discovery (including two depositions each). Defendant does not believe that any depositions are necessary before ADR would be productive. Counsel have discussed this response with their respective clients.

6.     *Whether the case can be resolved by summary judgment or motion to dismiss; dates for filing dispositive motions and/or cross-motions, oppositions, and replies; and proposed dates for a decision on the motions.*

At present, the parties do not believe that the case will be able to be disposed of by dispositive motion. However, parties reserve the right to request the Court's consideration of such a motion in the future if the facts and/or evidence revealed in discovery indicate otherwise. To the extent dispositive motions become appropriate, the parties agree that they should be filed no later than February 8, 2008, with opposing points and authorities to be filed with 21 days, and replies, if any within 7 days thereafter.

*7.     Whether the parties should stipulate to dispense with the initial disclosures required by Rule 26(a)(l), F.R.Civ.P., and if not, what if any changes should be made in the scope, form or timing of those disclosures.*

The parties agree to exchange Rule 26(a) (1) F.R.C.P. disclosures, and, subject to the attorneys for the parties entering into a confidentiality agreement, to simultaneously produce electronic images of all documents described therein (other than documents that are in the nature of construction drawings and project files which the parties agree shall be made available for inspection and copying at a mutually convenient later time) by 5:00 pm on September 7, 2007. Specifically, the parties have agreed to exchange on September 7, 2007, electronic images of all (non-privileged) correspondence, emails, internal memoranda, proposals and contracts that reasonably relate to the parties' claims and defenses. No change to the scope or form of the disclosures required by Rule 26(a) are requested.

*8.      The anticipated extent of discovery, how long discovery should take, what limits should be placed on discovery; whether a protective order is appropriate; and a date for the completion of all discovery, including answers to interrogatories, document production, requests for admissions, and depositions.*

The parties agree that all discovery, with the exception of expert discovery, shall be completed by January 15, 2008. The parties agree that they will enter in an

appropriate confidentiality agreement regarding any proprietary, non-public, information disclosed during the discovery period. The parties estimate that, in the aggregate, a minimum of 10 and a maximum of 15 depositions will be taken during the discovery period.

*9.     Whether the requirement of exchange of expert witness reports and information pursuant to Rule 26(a)(2), F.R.Civ.P., should be modified, and whether and when depositions of experts should occur.*

The parties agree that the requirements of Rule 26(a)(2) do not need to be modified.  The parties agree that disclosures of all (non-rebuttal) experts shall be made no later than January 31, 2008, and disclosure of any rebuttal experts shall occur no later than February 29, 2008.  The parties shall complete any expert depositions within 15 days of receipt of the corresponding expert disclosure.

*10.    In class actions, appropriate procedures for dealing with Rule 23 proceedings, including the need for discovery and the timing thereof, dates for filing a Rule 23 motion, and opposition and reply, and for oral argument and/or an evidentiary hearing on the motion and a proposed date for decision.*

Not applicable.

*11.    Whether the trial and/or discovery should be bifurcated or managed in phases, and a specific proposal for such bifurcation.*

The parties do not believe that bifurcation or phased management of this case is appropriate.

*12.    The date for the pretrial conference (understanding that a trial will take place 30 to 60 days thereafter).*

The parties request the pretrial conference be scheduled in March or April of 2008. The parties request that the pretrial conference not be scheduled between the 20th and 31st of March.

*13.    Whether the Court should set a firm trial date at the first scheduling conference or should provide that a trial date will be set at the pretrial conference from 30 to 60 days after that conference.*

The parties request that the Court set a firm trial date at the first scheduling conference, if possible.

*14.    Such other matters that the parties believe may be appropriate for inclusion in a scheduling order.*

None at this time.

Dated: September 4, 2007

                                        Respectfully submitted,

/s/ G. David Fensterheim
David Fensterheim, Esq.
FENSTERHEIM & BEAN, P.C.
1250 Connecticut Ave., NW, Suite 700
Washington, D.C.  20036
(202) 419-1511
Fax: (202) 842-2869
Counsel for Plaintiff


/s/ Andrew N. Felice
Katz & Stone, LLP
8230 Leesburg Pike, Suite 600
Vienna, Virginia 22182
(703) 761-3000
Fax: (703) 761-6179
afelice@katzandstone.com
Co-counsel and local counsel for Defendant
Tishman Construction Corporation of D.C.

        /s/ Thomas S. Finegan
        Michael R. Fleishman
        Goetz Fitzpatrick LLP
        One Penn Plaza, 44th Floor
        New York, NY 10119
        (212) 695-8100
        Fax (212) 629-4013
        tfinegan@goetzfitz.com
        mfleishman@goetfitz.com
        Co-counsel for Defendant
        Tishman Construction Corporation of D.C.